IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEKIN INSURANCE CO., as subrogee of JOHN ESCRITO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-1250 |
| UNITED STATES OF AMERICA, | ) ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Pekin Insurance Co. ("Pekin"), as subrogee of John Escrito, brings this action against the United States of America ("the government") for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Currently before the Court is the government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. For the following reasons, the Court grants the government's motion and dismisses this case with prejudice.

**Background**

On April 2, 2018, Escrito, Pekin's insured, was involved in a car accident with a United States Postal Service ("USPS") employee who was driving a USPS vehicle in Nunda, Illinois. Pekin paid $4,105.79 to repair the damaged vehicle. In this lawsuit, filed on February 19, 2019, Pekin seeks to recover $4,105.79 from the government. (Dkt. 1.) The government has filed a motion to dismiss, or alternatively, for summary judgment, arguing that Pekin's complaint is time-barred. Along with its motion, the government has submitted documents related to an administrative tort claim that Pekin filed with the USPS regarding the April 2018 car accident. (Dkt. 11.) The documents reveal the following facts. On May 11, 2018, Pekin sent an administrative claim letter to the USPS requesting $4,105.79 in indemnification. (Dkt. 11-1.) On July 26, 2018, the USPS denied

the administrative claim in a letter it sent to Pekin by certified mail. The letter also advised Pekin, among other things, that if it was dissatisfied with the USPS's final denial of the claim, it could file a FTCA suit in federal court no later than six months from July 26, 2018. (Dkt. 11-2, 11-3.)

**Legal Standard**

Because the government relies on evidence outside the pleadings in its motion, the Court shall treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.") Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.*; *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019).

**Discussion**

The government asserts that although Pekin's administrative claim was timely presented to the USPS, Pekin did not comply with the six-month time frame for pursuing the claim after the USPS's denial because it did not file suit until February 19, 2019--six months and 24 days after the USPS mailed the denial letter to Pekin. Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was

presented." 28 U.S.C. § 2401(b).  The Court finds that Pekin's FTCA claim is forever barred under section 2401(b) because this lawsuit was not filed within six months of the date on which USPS mailed its denial of the administrative claim.  *See Miller v. United States*, 741 F.2d 148, 150 (7th Cir. 1984) ("[A] plaintiff must file a legal action, if at all, no more than six months after the federal agency mails its notice of final denial of the claim."); *see also Ransom v. United States*, 668 Fed. Appx. 169, 171 (7th Cir. 2016) (unpublished) (affirming grant of motion to dismiss or alternatively for summary judgment where district court determined that plaintiff filed her FTCA lawsuit five days after the statute of limitations had expired).

Although the complaint was filed late, Pekin asks the Court to apply the doctrine of equitable tolling.  *See United States v. Wong*, 575 U.S. 402, 420, 135 S.Ct. 1625, 1638, 191 L.Ed.2d 533 (2015) (FTCA statute of limitations is not jurisdictional, and equitable tolling is permitted).  Pekin contends that its counsel was aware of the six-month deadline but believed the deadline was extended based on general orders issued in the Northern District of Illinois during the recent federal government shutdown.  Specifically, on December 26, 2018, the Chief Judge issued "General Order Holding in Abeyance Civil Matters Involving the United States as a Party," which stated, inter alia, that "all civil litigation involving as a party the United States of America … is immediately suspended, postponed and held in abeyance continuing for a period of fourteen (14) days from [December 26, 2018]."  That general order also stated that "civil litigation" referred to "all *pending* non-criminal cases in which the United States . . . is in any way a named party" (emphasis added). On January 28, 2019, the abeyance was lifted by General Order 19-004.

A litigant seeking equitable tolling bears the burden of establishing: "(1) that [it] has been pursuing [its] rights diligently, and (2) that some extraordinary circumstance stood in [its] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *Molina-Garcia v. Fardon*, 754 Fed. Appx. 475, 477 (7th Cir. 2019) (unpublished).  The Supreme Court has reiterated

that the extraordinary circumstances element is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [its] control." *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S.Ct. 750, 756 (2016) (emphasis in original)). The doctrine of equitable tolling is to be applied "sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Sparre v. United States Dep't of Labor, Admin. Review Bd.*, 924 F.3d 398, 402 (7th Cir. 2019) ("equitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing").

Here, Pekin fails to present evidence establishing that an extraordinary circumstance stood in its way to prevent filing of its complaint within the time frame allowed under section 2401(b). The Court rejects Pekin's contention that it chose not to file suit in a timely manner based on the general orders issued during the federal shutdown. The abeyance clearly applied only to those cases that were already pending in the district court and the general orders did not issue any moratorium on new cases being filed. Pekin's reliance on the abeyance does not constitute an extraordinary circumstance that stood in its way from filing suit within the statutory deadline, especially where there is no evidence showing that during the shutdown Pekin attempted to file a complaint or that the shutdown was the reason for any refusal by the district court. *See e.g., Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (mistakes or miscalculations of a party's attorney as to the date the statute of limitations began running do not satisfy the extraordinary circumstances element for equitable tolling); *Obriecht v. Foster*, 727 F.3d 744, 750 (7th Cir. 2013) (attorney's incorrect belief that deadline had been tolled was nothing other than an unfortunate mistake that did not constitute an extraordinary circumstance). As such, the Court concludes that it has no basis to equitably toll the FTCA's limitations period in this case.

**Conclusion**

For the foregoing reasons, the Court grants the government's motion [9], enters judgment in its favor, and dismisses this case with prejudice. Civil case terminated.

**IT IS SO ORDERED.**

Date: 1/14/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge